# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DEWAYNE WINCHESTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> OKLAHOMA DEPARTMENT ) <br> OF CORRECTIONS, ) <br> ) <br> Respondent. ) | Case No. CIV-14-411-R |

## REPORT AND RECOMMENDATION

Petitioner Kevin Dewayne Winchester, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner is serving a state-court prison sentence for a 2007 criminal conviction in the District Court of Oklahoma County, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* Pet. (Doc. No. 1) at 1; 28 U.S.C. § 116(c). Petitioner does not seek relief from his state-court criminal conviction; rather, Petitioner asserts that he is entitled to habeas relief based upon (1) various disciplinary proceedings conducted and measures undertaken in 2012 by officials at Davis Correctional Facility ("DCF") in Holdenville, Hughes County, Oklahoma, where Petitioner was and currently is incarcerated; and (2) the Oklahoma state courts' 2013 judicial review of Petitioner's

challenges to the DCF officials' conduct. *See* Pet. at 2-3, 6-8, 10-12. Hughes County is located in the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b).

### A. *Transfer Pursuant to Tenth Circuit Authority*

The Tenth Circuit has prescribed broadly that a petition seeking relief pursuant to 28 U.S.C. § 2241 must be initiated in the district of the petitioner's confinement—here, the Eastern District of Oklahoma. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (holding that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined"); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citing *Bradshaw*). *Bradshaw* and *Haugh* do not limit their instruction to federal (rather than state) prisoners. Indeed, the Tenth Circuit has held that the *Bradshaw* rule would apply to a state prisoner challenging the execution of a state sentence. *See Phillips v. Kaiser*, 47 F. App'x 507, 510-11 & n.4 (10th Cir. 2002) (considering habeas corpus petition that could be construed as "a § 2241 petition challenging the execution of either [petitioner's] state or federal sentence" and holding that the *Bradshaw* rule would apply in either instance). Consequently, pursuant to the broad pronouncement of the above-cited authorities, this Court lacks jurisdiction over the Petition, which should have been filed in the Eastern District of Oklahoma. *See Phillips*, 47 F. App'x at 511; *Knox v. Workman*, No. CIV-12-508-W, 2012 WL 2935101, at *1 (W.D. Okla. June 29, 2012) (report and recommendation by Bacharach, J.), *adopted*, 2012 WL 2952009 (W.D. Okla. July 17, 2012).

In the absence of jurisdiction, the authorities cited above support the finding that the Court may order either (1) dismissal of the Petition, or (2) transfer of these proceedings to the United States District Court for the Eastern District of Oklahoma. *See Phillips*, 47 F. App'x at 511 (applying 28 U.S.C. § 1631, which authorizes transfer of "civil action[s]" when jurisdiction is lacking); *Knox*, 2012 WL 2952009, at *1 (same). "Under 28 U.S.C. § 1631, where jurisdictional defects arise because of the filing of a lawsuit in the wrong district court, we must order the transfer of the case to the proper district court 'if the transfer is in the interest[s] of justice.'" *Phillips*, 47 F. App'x at 511 (quoting *Haugh*, 210 F.3d at 1150).

"Whether [Petitioner] would now be time-barred from making a new filing in the proper district court is a factor that we may take into consideration in deciding whether to order a transfer." *See id.* It is likely that the present action is timely, but there is a risk that a new action filed after dismissal could be time-barred, assuming the one-year period of limitations in 28 U.S.C. § 2244(d)(1) applies. *See id.*; *Knox*, 2012 WL 2935101, at *1. For example, Ground 3 of the Petition claims error in the state courts' disposition of his petition for judicial review of the DCF disciplinary proceedings; an attachment to the Petition reflects that this judicial review finally concluded on November 6, 2013. *See* Pet. at 2-3, 12; Pet. Exs., Doc. No. 1-1, at 19-20. Thus, transfer—rather than dismissal— would avoid the risk of any time bar arising solely on account of Petitioner's filing in the wrong court. "Moreover, there is no indication that [Petitioner's] filing in the wrong district court was motivated by bad faith," which is another factor that the Court may consider. *See Phillips*, 47 F. App'x at 511 (citing *Haugh*, 210 F.3d at 1150).

Prior to effectuating a transfer, the Court is authorized to "take a peek" at the merits of the Petition to avoid transferring a case that is "clearly doomed." *See id.* at 511-12; *cf. Haugh*, 210 F.3d at 1150 (analyzing transfer of misfiled § 2255 motion). Having examined the merits briefly, and affording Petitioner's filing the liberal construction due a pro se litigant, the undersigned does not find that the Petition is "clearly doomed." Petitioner articulates specific grounds of fault relating to the administration of his sentence and outlines efforts taken to exhaust his state judicial remedies. *See* Pet. at 2-3, 6-12. The undersigned concludes that transfer of this action to the District Court for the Eastern District of Oklahoma "is in the interest of justice." *See, e.g.*, *Phillips*, 47 F. App'x at 511; *Knox*, 2012 WL 2952009, at \*1; *see also Haugh*, 210 F.3d at 1150-51.

### B. Transfer Under 28 U.S.C. § 2241(d)

In contrast to the statements appearing in *Bradshaw* and *Haugh*, 28 U.S.C. § 2241(d) by its own terms appears to permit Petitioner properly to file the Petition either in this Court or in the District Court for the Eastern District of Oklahoma.

> [A]n application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts . . . may be filed in the district court wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Some courts in the Tenth Circuit have applied this concurrent-jurisdiction provision, rather than the *Bradshaw* rule, to § 2241 petitions brought by state prisoners. *See, e.g.*, *Warnick v. Booher*, 425 F.3d 842, 844-45 & n.1 (10th Cir. 2005) (holding that venue remained proper under 28 U.S.C. § 2241(d) after a § 2254 petition

4

was transferred to another judicial district and then recharacterized as a §2241 petition); *Green v. Sirmons*, No. 07-924-W, 2008 WL 649202, at *2, *7 & n.11 (W.D. Okla. Mar. 10, 2008) (rejecting application of *Bradshaw* to state prisoner's challenge to execution of state sentence and finding that concurrent jurisdiction exists when "the case fits within the boundaries of 28 U.S.C. § 2241(d)").[1]  Similarly, the Tenth Circuit itself has stated that "[w]hen a case properly fits within the express boundaries" of 28 U.S.C. § 2241(d), concurrent jurisdiction lies "regardless of whether petitioner challenges his conviction or the administration of his sentence." *See Smith v. Boone*, No. 99-6041, 1999 WL 682915, at *2 (10th Cir. Sept. 2, 1999).[2]

Assuming 28 U.S.C. § 2241(d) provides the Western District of Oklahoma and the Eastern District of Oklahoma concurrent jurisdiction over this action, the Court should exercise its discretion under that statute to "transfer the application to the other district court for hearing and determination." *See* 28 U.S.C. § 2241(d).  As explained above, Petitioner does not challenge the validity of his underlying criminal conviction in this habeas action; instead, his claims are focused upon wrongs allegedly undertaken by DCF officials at his place of incarceration in the Eastern District of Oklahoma that purportedly

---

[1] In *Green*, the Court declined to order transfer to the Eastern District of Oklahoma under § 2241(d) and instead summarily dismissed the petitioner's § 2241 claims on various grounds.  *See Green*, 2008 WL 649202, at *2, *7 & n.11.

[2] The inconsistent applications of 28 U.S.C. § 2241(d) outlined herein are likely due, at least in part, to the fact that the Tenth Circuit is the only circuit that holds a § 2241 challenge is appropriate not only for federal prisoners, but also for state prisoners in custody pursuant to a state-court judgment.  *See, e.g., Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000).  *See generally* Nancy J. King & Suzanna Sherry, *Habeas Corpus and State Sentencing Reform: A Story of Unintended Consequences*, 58 Duke L.J. 1 (2008).

are affecting the carrying out of Petitioner's sentence. It follows that relevant records and individuals involved generally will be located in the district where Petitioner has been and remains incarcerated. Under these circumstances, even assuming concurrent jurisdiction exists, the undersigned recommends transfer of the action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 20th day of June, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

ENTERED this 30th day of May, 2014.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE