# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN DEWAYNE WINCHESTER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 14-260-RAW-KEW |
| TIM WILKINSON, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, is challenging the monetary restitution imposed in a prison disciplinary proceeding. He raises the following grounds for relief:

> Ground I: Petitioner's fundamental rights to due process of law when the evidence was insufficient to support the finding of guilt in a prison disciplinary hearing.
>
> Ground II: Petitioner's fundamental rights to due process [of] law and equal protection of the law when the facility head started collecting monetary funds without a proper restitution order.
>
> Ground III: Petitioner's fundamental rights to due process and equal protection of the law were violated when the state district court committed judicial discrimination.

Petitioner alleges he attempted to give himself an enema with a shampoo bottle but suffered an accidental injury when he could not remove it. Surgery was required to remove the object. As a result, he was charged with the offense of Individual Disruptive Behavior

and convicted in a prison disciplinary hearing. The hearing officer imposed $22,800.00 in restitution as his sanction, but petitioner did not receive an itemized list of his medical expenses. Petitioner asserts DOC OP-060125, Range of Allowable Sanctions, states that the offender will be provided with documentation to verify how the restitution was determined, and personnel services will not be assessed.

Petitioner also alleges the state district court denied his Petition for Judicial Review, because he did not lose any earned credits from the misconduct conviction. He claims the denial violated his constitutional rights to due process and equal protection, as well as Article II, §§ 6-7 of the Oklahoma Constitution.

The respondent alleges, among other things, that petitioner has failed to exhaust his state administrative remedies. A petitioner proceeding under § 2241 must exhaust available state remedies. *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000). "This requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original) (citations omitted).

The record shows that on May 18, 2012, petitioner harmed himself by forcing a plastic soda bottle into his rectum. The bottle had to be surgically removed. An Offense Report was prepared, charging him with Individual Disruptive Behavior. (Dkt. 15-3). He signed for his copy of the Offense Report on May 24, 2012, and requested a hearing. *Id*. Petitioner also received copies of the Investigator's Report with a photograph of the items removed from his body. (Dkt. 15-4).

On May 31, 2012, a disciplinary hearing was held with petitioner in attendance. He was found guilty, and the discipline imposed was restitution. (Dkt. 15-5 at 1). Petitioner appealed, and the reviewer found a rehearing should be conducted because there was no

finding of the amount of restitution. (Dkt.15-5 at 2-4). The rehearing was scheduled for September 5, 2012. (Dkt. 15-5 at 5).

The rehearing was held on September 6, 2012, with petitioner in attendance. He again was found guilty and received a sanction of restitution for medical costs in the amount of $22,800.00. (Dkt. 15-6 at 1-2). On October 3, 2012, he filed an appeal that was denied on October 4, 2012. (Dkt. 15-6 at 5-7).

On October 24, 2012, petitioner filed an appeal with the DOC Administrative Review Authority (ARA) (Dkt. 15-7 at 1-2). The appeal was returned unanswered on that date for his failure to properly complete the appeal form by specifying the offense code. (Dkt. 15-7 at 3). Petitioner was advised he had ten days for one final opportunity to correct and resubmit his appeal. (Dkt. 15-7 at 3).

On November 5, 2012, he filed a second appeal with the ARA. (Dkt. 15-8 at 1-2). The appeal was returned unanswered on November 8, 2012, for failure to follow the previous instructions from that office regarding the proper submission of the appeal. (Dkt. 15-8 at 3). Petitioner also was advised that he was out of time to file the appeal. *Id*.

On November 19, 2012, petitioner filed a Request to Director to Submit a Misconduct/Grievance Appeal Out of Time, claiming his second appeal was timely submitted. (Dkt. 15-9 at 1). The Request was denied on November 27, 2012. (Dkt. 15-9 at 1-2). The response stated petitioner had not proven by substantial evidence that the appeal was not timely submitted through absolutely no fault of his own. (Dkt. 15-9 at 2). Further, pursuant to OP-060125 V.A.7, there is no mailbox rule regarding disciplinary appeals. *Id*.

On March 5, 2013, petitioner filed a Petition for Judicial Review in Oklahoma County District Court Case No. CV-2013-429. The petition was denied on August 22, 2013, for his

failure to state a claim upon which relief could be granted. Petitioner had not lost any earned credits, so he was not entitled to review under Okla. Stat. tit. 57, § 564.1. The court further found petitioner had not exhausted his administrative remedies. (Dkt. 15-10). The Court of Criminal Appeals affirmed in *Winchester v. Okla. Dep't of Corr.*, No. REC-2013-890 (Okla. Crim. App. Nov. 6, 2013). (Dkt. 15-11).

After careful review, the court finds petitioner has failed to exhaust his administrative remedies regarding the restitution, and his claim in Ground III regarding the state district court is meritless. Furthermore, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner did not lose any earned credits, so his claim cannot be presented in a § 2241 action or in a state Petition for Judicial Review, pursuant to Okla. Stat. tit. 57, § 564.1.

**ACCORDINGLY,** the respondent's motion to dismiss (Dkt. 15) is GRANTED, and this action is DISMISSED in its entirety. Petitioner also is DENIED a certificate of appealability, because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED** this 24th day of March 2015.

**Dated this 24th day of March, 2015.**

_/s/ Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma