# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

KEVIN DEWAYNE WINCHESTER,   )
    )
    Petitioner,   )
    )
v.    )    **Case No. CIV 14-260-RAW-KEW**
    )
**TIM WILKINSON, Warden,**   )
    )
    Respondent.   )

## OPINION AND ORDER

On March 24, 2015, the court entered its Opinion and Order, dismissing this § 2241 habeas corpus action for petitioner's failure to exhaust the administrative remedies for his claims. (Dkt. 36). On April 6, 2015, petitioner filed a motion for reconsideration of the judgment (Dkt. 39), which the court construes as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.* Fed. R. App. P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner is asking to expand the record to include evidence that his resubmitted appeal to the DOC Administrative Review Authority (ARA) was timely filed. As set forth in the court's previous order, he filed an appeal with the ARA on October 24, 2012, but it

was returned unanswered on that date for his failure to properly complete the appeal form by specifying the offense code. (Dkt. 36 at 2; Dkt. 15-7). Petitioner was advised he could proceed as follows: "You will be afforded <u>ONE FINAL</u> opportunity to properly resubmit your appeal within ten days of receipt of this response provided you remain within the time frames specified in OP-060125." (Dkt. 15-7 at 3) (emphasis in original).

On November 5, 2012, he resubmitted the ARA appeal, but it was returned unanswered on November 8, 2012, for failure to follow the previous instructions from that office regarding the proper submission of the appeal. (Dkt. 15-8 at 1-3). The record shows that petitioner had failed to complete the sections of the appeal form where he was required to sign and to provide the date he received the response of the reviewing authority at the facility. (Dkt. 15-8 at 1). This information was required for the ARA to process petitioner's appeal, as set forth by the DOC Appeal Process, OP-060125(V)(C):

> The offender will be given only one opportunity by the Reviewing Authority and only one opportunity by the Administrative Review Authority to correct any procedural errors made by the offender when submitting the appeal. The corrected appeal must be received by the Reviewing Authority/Administrative Review Authority in ten days of receipt by the offender of notice of the error(s). If the offender fails to correct the error(s) when advised of such, the appeal will be deemed to have been waived by the offender. This process does not apply to an appeal found to be out of time.

(Dkt. 46-1 at 22).

In addition to his failure to complete the appeal form in his second attempt, petitioner was informed that "[d]ue to your continued failure to properly file this appeal, you are now out of time." (Dkt. 15-8 at 3). According to the respondent, petitioner misinterpreted this statement to mean his second attempt to appeal to the ARA was determined to be untimely, but the respondent asserts it was not out of time. Instead, the statement advised petitioner

that the 30 days he had to provide a correct appeal to the ARA had expired, and a third attempt would be untimely, pursuant to OP-060125 (Dkt. 46-1 at 20). After careful review, the court finds relief cannot be granted with respect to petitioner's ARA appeal.

Petitioner also contends that "[h]abeas pursuant to § 2241 lies for deprivation of due process in state disciplinary proceedings involving assessed restitution." (Dkt. 39 at 3). The court's previous order addressed this issue as follows:

> "[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner did not lose any earned credits, so his claim cannot be presented in a § 2241 action or in a state Petition for Judicial Review, pursuant to Okla. Stat. tit. 57, § 564.1.

(Dkt. 36 at 4). Petitioner has presented no authority to support his allegation that his restitution claim can be presented in a § 2241 petition. Therefore, the court finds petitioner has failed to meet his burden for relief under Fed. R. Civ. P. 59(e).

**ACCORDINGLY,** petitioner's motion to alter or amend judgment (Dkt. 39) is DENIED.

**IT IS SO ORDERED** this 20th day of May 2015.


Ronald A. White
United States District Judge
Eastern District of Oklahoma